Ryan Ballard, ISBN 9017
Ballard Law, PLLC
P.O. Box 38
Rexburg, ID 83440
(208) 359-5532
ryanballardlaw@gmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BOBBY D. TETTLETON, | ) Case No.: 1:15-cv-367 |
| Plaintiff, | ) |
| v. | ) **COMPLAINT** |
| ASSET ACCEPTANCE, LLC, an Delaware limited liability company, DOOLITTLE LAW, CHARTERED, an Idaho corporation, TRI-COUNTY PROCESS SERVING, LLC, an Idaho limited liability company, | ) |
| Defendants. | ) |

COMES NOW the Plaintiff Bobby D. Tettleton, by and through his counsel of record, Ryan A. Ballard of Ballard Law, PLLC, and alleges his causes of action against Defendants as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Idaho Consumer Protection Act, Idaho Code § 48-601 *et seq.* (hereinafter, "ICPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Bobby D. Tettleton is a natural person residing in Boise, Ada County, Idaho, and is a

**Complaint - Page 1 of 7**

"consumer" as that term is defined by 15 U.S.C. § 1692a(3).

3. Defendant Asset Acceptance, LLC is a Delaware limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 28405 Van Dyke Ave., Warren, MI 48093.

4. Asset Acceptance is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

5. Defendant Doolittle Law, Chartered is an Idaho corporation and law firm engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 305 South Federal Way, Boise, ID 83705.

6. Doolittle Law is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendant Tri-County Process Serving, LLC is an Idaho limited liability company engaged in the business of collecting debts, using mails and telephone, in this state with its principal place of business located at 1412 West Idaho St., Suite 130, Boise, ID 83702.

8. Tri-County Process Serving is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this District because the acts and transactions occurred here and all the parties reside or transact business here.

## GENERAL ALLEGATIONS

11. Asset Acceptance is a company which purchases charged-off debts for pennies on the dollar and then enlists law firms to aid in collection of those debts.

12. Asset Acceptance has contracted with Doolittle Law to perform collection efforts on debts allegedly owed by Idaho residents.

13. Those collection efforts frequently include filing suit in Idaho.

14. Upon information and belief, Asset Acceptance provides standard operating procedures which

it expects Doolittle Law to follow.

15. Doolittle Law functions as an agent of Asset Acceptance.

16. On or about February 11, 2013, Doolittle Law, on behalf of Asset Acceptance, filed suit against Bobby D. Tettleton in Ada County magistrate court, case no. CV-OC-2013-2784.

17. On or about February 19, 2013, Doolittle Law hired Tri-County Process Serving to deliver the summons and complaint to Mr. Tettleton.

18. Tri-County Process Serving employee Justin Akkerman signed an affidavit on February 27, 2013 claiming to have served Mr. Tettleton's live-in girlfriend, Shar Bland, on February 24, 2013.

19. The affidavit was not filed with the court until May 21, 2013.

20. The affidavit was false as Ms. Bland was not served with the summons and complaint on February 24, 2013, nor on any other date.

21. Doolittle Law, on behalf of Asset Acceptance, sought a default judgment based on the faulty service, which was entered by the court on May 31, 2014.

22. On April 10, 2014, Mr. Tettleton received a letter containing settlement options from Doolittle Law dated January 29, 2014.

23. That letter only indicated that a judgment "may" have been obtained, but gave no indication that a judgment had actually been obtained.

24. Mr. Tettleton sent several letters by certified mail to both Doolittle Law and Asset Acceptance disputing the debt.

25. Those letters were all ignored or inadequately responded to.

26. On June 20, 2014, Doolittle Law and Asset Acceptance obtained a writ of execution against Mr. Tettleton.

27. Over the course of the next three months, Doolittle Law and Asset Acceptance garnished

approximately $500 from Mr. Tettleton's wages.

28. On July 15, 2014, Mr. Tettleton, representing himself pro se, filed a motion to set aside the default judgment.

29. On October 7, 2014, William Teninty of Tri-County Process Serving provided a false affidavit reaffirming the prior false affidavit signed by Justin Akkerman claiming Ms. Bland was served with the complaint.

30. On October 21, 2014, the Court ordered the default judgment be set aside.

31. On October 24, 2014, the Court set the matter for a trial date of January 21, 2014.

32. Doolittle Law and Asset Acceptance continued to maintain this action for nearly three months after the judgment was set aside without the level of evidence they knew or should have known they would need to prevail.

33. On January 7, 2015, Doolittle Law and Asset Acceptance submitted a witness and exhibit list as required by court order, in advance of their intent to go to trial.

34. On January 12, 2015, Mr. Tettleton's newly retained counsel, Ryan Ballard, filed a notice of appearance.

35. On January 14, 2015, Doolittle Law and Asset Acceptance requested Mr. Ballard enter into a stipulated dismissal with prejudice.

36. That dismissal was signed by the Court on January 22, 2015.

37. During the time between when Doolittle Law and Asset Acceptance obtained their ill-gotten judgment and when it was set aside, Mr. Tettleton attempted to obtain a mortgage.

38. Due to the ill-gotten judgment, Mr. Tettleton paid extra closing costs, a higher interest rate and private mortgage insurance.

39. Despite demands by Mr. Tettleton, Doolittle Law and Asset Acceptance have failed to return the

garnished funds which they were not legally entitled to.

## COUNT I: VIOLATION OF FDCPA - UNCONSCIONABLE CONDUCT

40. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

41. 15 U.S.C. § 1692f prohibits a debt collector from using unfair or unconscionable means to collect a debt.

42. Obtaining funds from Mr. Tettleton's bank account based on a judgment premised on a false affidavit is unfair and unconscionable.

43. Retaining the garnished funds long after the judgment was set aside and despite demand for its return from Mr. Tettleton is unfair and unconscionable.

44. Mr. Tettleton is entitled to statutory and actual damages due to Doolittle Law and Asset Acceptance's violations.

## COUNT II: VIOLATION OF FDCPA - FALSE AFFIDAVIT

45. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

46. 15 U.S.C. § 1692e prohibits the use of any false, deceptive, or misleading representation or means in connection with the collection of any debt.

47. When William Teninty of Tri-County Process Serving filed a false affidavit alleging that Mr. Tettleton had been subserved through Ms. Bland, Tri-County violated 15 U.S.C. § 1692e.

48. Mr. Tettleton is entitled to statutory and actual damages due to Tri-County Process Serving's violation.

## COUNT III: VIOLATION OF ICPA BY DOOLITTLE AND ASSET

49. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

50. I.C. § 48-603c(1), prohibits "[a]ny unconscionable method, act or practice in the conduct of any trade or commerce violates the provisions of this chapter whether it occurs before, during, or

after the conduct of the trade or commerce.

51. By obtaining and retaining funds from Mr. Tettleton's bank account which it had no legal right to, Doolittle Law and Asset Acceptance violated I.C. § 48-603c(1).

52. Mr. Tettleton is entitled to statutory and/or actual damages due to Doolittle Law and Asset Acceptance's violation.

## COUNT IV: VIOLATION OF ICPA BY TRI-COUNTY

53. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

54. I.C. § 48-603(17) prohibits the use unfair and deceptive means in an attempt to collect an alleged debt.

55. Tri-County Process Serving's filing of a false affidavit alleging proper service was made when no such service was made violates I.C. § 48-603(17)

56. Mr. Tettleton is entitled to statutory and/or actual damages due to Tri-County Process Serving's violation.

## COUNT V: UNJUST ENRICHMENT

57. The allegations of the prior paragraphs are incorporated as if fully set forth in this paragraph.

58. A benefit was conferred on Doolittle Law and Asset Acceptance when they obtained money from a bank account belonging to Mr. Tettleton.

59. Doolittle Law and Asset Acceptance appreciated the benefit of that money by being able to spend it however they chose, despite having no legal right to possess the funds.

60. It would be inequitable for Doolittle Law and Asset Acceptance to continue to benefit from Mr. Tettleton's money when it has no legal right to it.

61. Mr. Tettleton is entitled to actual damages due to Doolittle Law and Asset Acceptance's violation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1),

B.   Statutory damages up to $1,000.00 per defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A),

C.   Statutory or actual damages pursuant to I.C. § 48-608(1),

D.   Leave to seek an amendment to the complaint at a later date to seek punitive damages pursuant to I.C. § 48-608(1),

E.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and I.C. § 48-603(5), and I.C. § 12-120(3).

F.   In the event of default judgment, for attorney fees in the amount of $2,500.00,

G.   For Court costs; and

H.   For such other and further relief as may be just and proper.

DATED: September 9, 2015

/s/ Ryan A. Ballard
Ryan A. Ballard
Ballard Law, PLLC